The Honorable Ralph "Buddy" Blair, Jr. State Representative 7450 Oxford Fort Smith, Arkansas 72903
Dear Representative Blair:
This is in response to your request for an opinion, prompted by a letter from a constituent, on whether the new "Commercial Property Assessment Form" promulgated by the Assessment Coordination Division of the Public Service Commission is "legal". Specifically, you have attached a letter from a constituent stating that the new form will place "enormous and unfair economic demands" on small businesses in the state. The letter also expresses concern over the fact that no effort was put forth to enlist the thoughts of small businessmen on the contents of this form.
For the reasons that follow, it is my opinion that the form has been promulgated pursuant to law, and that none of its contents are clearly violative of the law.
The "Commercial Property Assessment Form" is a four page document with spaces provided for the assessment of vehicles, furniture and fixtures, machinery and equipment, inventories of manufacturers and merchants, and miscellaneous items. The form also contains a section for listing leased personal property, although, under the form, that property is taxed to the owner.
It should be noted initially that the Assessment Coordination Division is given the authority by statute to prescribe such forms. Section 26-26-1407 (Supp. 1989) of the Arkansas Code Annotated provides as follows:
 The Assessment Coordination Division shall prescribe the forms to be used for the assessment and collection of tangible personal property pursuant to the provisions of this subchapter. The Division of Legislative Audit shall assist and guide the various county officials in establishing an appropriate procedure to be followed in assessing and collecting tangible personal property taxes and other matters necessary to effectively and efficiently carry out the purposes of this subchapter.
Additionally, A.C.A. 26-24-102 gives the Public Service Commission broad powers over the administration of the tax laws:
 The Arkansas Public Service Commission shall have the full power and authority in the administration of the tax laws of this state to have and exercise general and complete supervision and control over:
 (1) The valuation, assessment, and equalization of all property, privileges, and franchises;
(2) The collection of taxes; and
 (3) The several county assessors, county boards of review and equalization, tax collectors, and other officers charged with the assessment or equalization of property or the collection of taxes throughout the state. . . .
Finally, A.C.A. 26-24-107 provides as follows:
 The Arkansas Public Service Commission shall have the full power and authority in the administration of the tax laws of this state to:
 (1) Prescribe from time to time such general and uniform rules and regulations and issue such orders and instructions, not inconsistent with law, as may be deemed necessary respecting the manner of the exercises of the powers and discharge of the duties of any and all taxing officials; and
 (2) Require compliance with the commission's forms, rules, regulations, orders, and instructions. [Emphasis added.]
It appears clear, under the statutes above, that the Assessment Coordination Division has the authority to adopt the "Commercial Property Assessment Form" and to require compliance therewith. The only rema[i]ning question as to the form's legality is whether its contents are inconsistent with law. We cannot conclude that they are.
Under Arkansas law, every form of property is to be taxed unless specifically exempted under the Arkansas or United States Constitution. (Arkansas Constitution, Art. 16, 5 and 6, and A.C.A. 26-3-301 et seq.). The kinds of property listed on the "Commercial Property Assessment Form" are subject to taxation, and are to be assessed at current market value. A.C.A. 26-3-201,26-26-903, 26-26-1203, 26-26-1205, Arkansas Constitution Art. 16,5 and Arkansas Public Service Commission v. Pulaski County Board of Equalization, 266 Ark. 64, 582 S.W.2d 942 (1979). The valuations listed by the taxpayers are not conclusive, and the assessor may make an assessment which he or she deems just and equitable. A.C.A. 26-26-910.
Although the implementation of the "Commercial Property Assessment Form" may have the effect of raising the tax liability of small businesses, this fact is not tantamount to a conclusion that the Assessment Coordination Division has impermissibly "raised taxes". It appears that it is instead attempting to ensure a more thorough and uniform assessment of commercial person property. The tax rates applied to the assessment will still be those adopted by the electorate. We cannot conclude that the Assessment Coordination Division has exceeded its powers in this regard.[1]
One last issue raised by constituent is the fact that no input was sought by the owners of small businesses prior to the adoption of the form. In this regard, it should be noted that the Public Service Commission, and thus its Assessment Coordination Division, are excluded from the provisions of the "Administrative Procedures Act" codified at A.C.A. 25-15-201 et seq. That act would allow interested persons to submit data or input on any proposed "rule". As noted, however, the act is not applicable to the Assessment Coordination Division.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] Of course the "legality" of any impact the new assessment form will have on the implementation of Amendment 59 or other constitutional or statutory provisions will have to be analyzed in light of the specific facts and circumstances arising.